[Crim. No. 528. Second Appellate District.—January 31, 1917.]

## In the Matter of the Application of C. Q. WISNER, for a Writ of Habeas Corpus.

MUNICIPAL ORDINANCE—PLAYING OF MUSICAL INSTRUMENTS AND UTTERANCE OF LOUD SOUNDS IN PUBLIC PLACES—DISCRIMINATORY AND UNREASONABLE REGULATION.—A municipal ordinance providing that it should be unlawful for any person, firm, or corporation in any public or uninclosed place in the city to play any musical instrument, to sing, to make any loud or unusual noise, or to call out goods, wares, or merchandise, or the attractive features of any amusement, device, or place of recreation or refreshment, without first securing from the board of trustees a permit so to do, which permit should be granted only on written application specifying the place for which the permit was to be granted and the kind of amusement or noise desired

to be made, is void, as both discriminatory and unreasonable, in that it covers more than the public streets, places, and ways, and includes private premises and every such place as may be "uninclosed."

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Hutton & Williams, for Petitioner.

Charles W. Lyon, and Fredericks & Hanna, for Respondent.

JAMES, J.—The petitioner, being imprisoned by the marshal of the city of Venice upon commitment after conviction for an alleged crime, to wit, the violation of a certain ordinance of the city of Venice, sued out this writ to determine the validity of such imprisonment.

The ordinance under which petitioner was prosecuted, in that part descriptive of the offense which might be committed thereunder, is as follows: "It shall be unlawful for any person, firm or corporation, in any public or *uninclosed place*, in the City of Venice, to play any musical instrument, or to sing, or to make any loud or unusual noise, or to call out goods, wares or merchandise, or the attractive features of any amusement, device or place of recreation or refreshment, without first securing from the Board of Trustees, a permit so to do. Said permit shall be granted only upon a written application, which application must specify the place for which the permit is to be granted, and the kind of amusement or noise desired to be made." It is contended that the ordinance is void, first: Because it invades the right of the citizen in unduly restricting liberty of action; second, that it is discriminatory. The right of a legislative body in the exercise of the police power to prescribe and enforce reasonable police measures cannot be questioned. However, such power is not without bounds or limits. With regard to employments, occupations, or amusements not of such a character as to be in themselves commonly objectionable, the arm of the police power may be extended only to regulate and not prohibit. The regulation must be reasonable and must apply alike to all persons within a class.

In *County of Los Angeles* v. *Hollywood Cemetery Assn.*, 124 Cal. 344, 349, [71 Am. St. Rep. 75, 57 Pac. 153], the court said: "If the business be lawful, and having no injurious tendency, they [the legislative authority] cannot say who shall and who shall not exercise the right itself. Under the guise of regulating a business the municipality cannot make prohibition possible by committing to the officers of the municipality the arbitrary power to deny permission to engage in that business." In the concurring opinion of Mr. Justice Shaw of the supreme court in the *Matter of the Application of Dart*, 172 Cal. 47, [L. R. A. 1916D, 905, 155 Pac. 63], the leading cases pertinent to this subject are cited and extensive quotations expressive of the rule of interpretation made. The learned justice writing that opinion observes: "But a law or ordinance by or under which a lawful occupation, in itself, when properly conducted, in nowise injurious to persons, property or the public interest, may be absolutely prohibited at the dictation of any official body without other cause than its own will or desire, is beyond the legislative power and to that extent void." In this case the defendant was charged with having, in an "uninclosed" place in the city of Venice, played a musical instrument, to wit, a snare drum, without first having secured a permit so to do. By an "uninclosed place," as the language is in the ordinance, we take that to mean a place not entirely inclosed; or, in other words, an inclosed place would be a place inclosed on all sides by some sort of material. The ordinance, in the first place, is utterly without descriptive terms defining any character of inclosure; hence one person might upon his premises erect an inclosure of canvas, or even cheese-cloth, and he might therein sing or play musical instruments at will without rendering himself amenable to the punishment prescribed by the ordinance. His neighbor, on the other hand, might have his ground inclosed on all sides, except the top, by heavy wooden walls, and yet if he played a violin therein without a permit from the board of trustees, he would be guilty of a misdemeanor. Then, too, regardless of the kind of instrument played, or the noise or "music" which may be produced thereon, the board of trustees is given the arbitrary power to grant to one person a permit and deny it to another person similarly situated, and with the same nearness to neighbors or the public ways. There would be no question at all but

that the board of trustees might limit the right of persons to play musical instruments or utter loud sounds in public places, even to the extent of absolutely prohibiting such acts, but the ordinance in terms covers more than the public streets, places, and ways; it applies to private premises of the individual and every such place as may be "uninclosed." As the matter is presented, there is nothing in the charge made by the complaint to indicate that any of the acts complained of were done upon the street or any public place within the city, and we cannot assume that it was intended so to charge. Our conclusion is that the ordinance in question is both discriminatory and unreasonable.

It is ordered that the petitioner be discharged from custody.

Conrey, P. J., concurred.

Shaw, J., concurred in the judgment.